Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MOHAMMAD DAVATOLHAGH, | CASE NO. |
| Plaintiff, | 1. AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 |
| vs. | 2. SEX/GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 |
| TUSCANY HOTEL & CASINO, LLC, a Nevada Limited Liability Company; and TUSCANY SUITES, LLC, a Nevada Limited Liability Company | 3. RETALIATION IN VIOLATION OF THE ADEA AND TITLE VII |
| Defendants. | JURY DEMAND |

Plaintiff MOHAMMAD DAVATOLHAGH ("Plaintiff" or "Davatolhagh") alleges as follows:

1. This action is brought pursuant the Age Discrimination in Employment Act of 1967, as amended, *29 USC §621, et seq.* (hereinafter "ADEA") and Title VII of the Civil Rights Act of 1964, *42 USC §2000e*, et seq. (hereinafter "Title VII").

1

2. Jurisdiction is predicated under these code sections as well as *28 U.S.C. § 1331*, as this action involves a federal question.

3. At all relevant times, TUSCANY HOTEL & CASINO, LLC, a Nevada Limited Liability Company and TUSCANY SUITES, LLC, a Nevada Limited Liability Company (hereinafter "Defendant" or "Tuscany") employed twenty (20) or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, and are therefore subject to the provisions of the ADEA and Title VII.

4. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

5. Plaintiff, Davatolhagh, is a citizen of the United States and a resident of the State of Nevada, County of Clark and City of Las Vegas.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant.

7. Defendant is an employer within the meaning of *29 USC §§623 and 630(b)* and *42 USC §2000e(b).*

## EXHAUSTION OF REMEDIES

8. Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and a Notice of Right to Sue was issued on December 29, 2020, a copy of which is attached to Complaint as Exhibit "A".

## STATEMENT OF FACTS

9. On December 7, 2014 Davatolhagh was hired by the Tuscany as a server at Tuscany Gardens an Italian Restaurant located in the Tuscany Hotel & Casino.

10. For years Plaintiff was one of the top servers at Tuscany Gardens but this all changed in April of 2019 when former manager Kat Zdeb left and was replaced by Ryan Emerson

who was roughly 32-34 years of age.

11. In July of 2019 Emerson decided to hire new employees and in addition to hiring his friend John he hired young female employers in their 20s and early 30s. One such employee that he hired was Jesse Pippen, a female who was around 22 years of age when she hired her.

12. Even though Pippen had no experience as a server and was hired as an on call employee, Emerson allowed her to pick her own schedule. In fact Pippen requested and received the days Davatolhagh had been off the past four and half years he had worked at Tuscany, ie., Tuesdays and Wednesdays each week.

13. When Emerson changed Plaintiff's schedule it was extremely difficult for his family and his emotional health. Because of this, Davatolhagh approached Emerson to ask if he could go back to his original schedule and inquired as to why new, young and female employees with no experience were favored over an older employee like himself.

14. Emerson responded by saying that he was the manager and he could do whatever he wanted. By merely requesting equal treatment, Emerson started to retaliate against Plaintiff. For example, Emerson would consistently and falsely point out how Davatolhagh performance at work was sloppy, dirty and messy.

15. Emerson would ask Plaintiff why he could not do the job like the new and young employees. Moreover he would reduce Davatolhagh hours and tables and remove him from events in the restaurant which provided Plaintiff additional income and instead allow the new young female employees like Pippen to work these events.

16. In or about August of 2019, Plaintiff brought to Emerson's attention how he felt discriminated and retaliated against at Tuscany because he was an older male employee. After Davatolhagh bought this to Emerson's attention, the retaliation Plaintiff faced got worse.

17. Plaintiff went on a vacation with his family in mid-August. While on vacation, not only did Emerson hire and train two young male employees in their 20's, but he also falsified Davatolhagh's schedule and entry times, even on his days off to make it appear that Plaintiff was

tardy and that he had poor performance.

18. About a week after Davatolhagh returned from his trip, on or about August 30, 2019, Plaintiff was suspended and investigated for excessive tardiness and poor performance.

19. Then on September 5, 2019, Emerson called Davatolhagh into his office and informed him he was being terminated. Plaintiff did not understand why he was terminated and was never given a chance to have a present his evidence in a "due process" hearing which was promised by human resources but never actually occurred.

20. After being terminated from the Tuscany, Davatolhagh learned about two additional employees in their 20's who were hired as servers leading Plaintiff to believe that he was really terminated because he was an older male and because he complained to Emerson about this.

21. Since his termination Davatolhagh has tried to look for a new job but because the Covid-19 pandemic has been unable to find one to date.

## FIRST CAUSE OF ACTION

### (For Age Discrimination in Violation of the

### Age Discrimination in Employment Act of 1967)

22. Plaintiff Davatolhagh incorporates the allegation set forth in paragraphs 1 through 21, inclusive, as if fully set forth herein.

23. This cause of action is brought pursuant to ADEA to obtain relief for Plaintiff for discriminating against him in the terms, conditions or privileges of his employment because of his age in violation of the ADEA.

24. Plaintiff was fifty-six years of age when he was terminated on September 5, 2019.

25. Further although Defendant might claim differently, at the time of his termination Davatolhagh was performing his job satisfactorily.

26. Finally on information and belief, once Plaintiff was terminated as a server at Tuscany Gardens he was replaced by substantially younger servers with equal or lesser qualifications and experience making it reasonable to infer that the reason Tuscany terminated

Davatolhagh was because of his age.

27. As a direct, foreseeable, and legal result of Defendant's age discrimination, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

28. The age discrimination by Defendant was willful and thus Plaintiff should be awarded liquidated damages pursuant *29 USC §626(b)*.

29. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

30. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claim and Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### (For Sex/Gender Discrimination in Violation

### of Title VII of the Civil Rights Act of 1964)

31. Plaintiff Davatolhagh incorporates the allegation set forth in paragraphs 1 through 30, inclusive, as if fully set forth herein.

32. This cause of action is brought pursuant to Title VII to obtain relief for Plaintiff for discriminating against him in the terms, conditions or privileges of his employment because of his sex/gender (male) in violation of Title VII.

33. As set forth above, in July of 2019 Emerson decided to hire new employees and in addition to hiring his friend John he hired young female employers in their 20s and early 30s. One such employee that he hired was Jesse Pippen, a female who was around 22 years of age when she hired her.

34. As further set forth above, Emerson gave Pippen the days off that Davatolhagh previous had for the past four and one half years, ie., Tuesdays and Wednesdays, making it extremely difficult for his family and his emotional health.

35. Finally on information and belief, once Plaintiff was terminated as a server at Tuscany Gardens he was replaced by younger female servers with equal or lesser qualifications and experience making it reasonable to infer that the reason Tuscany terminated Davatolhagh was because of his sex/gender (male).

36. As a direct, foreseeable, and legal result of this discrimination because of his sex/gender, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

37. As a further direct, foreseeable, and legal result of this discrimination because of her sex/gender, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

38. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

39. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

40. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

### THIRD CAUSE OF ACTION

**(For Retaliation in Violation of the ADEA and Title VII)**

41. Plaintiff Davatolhagh incorporates the allegation set forth in paragraphs 1 through

40, inclusive, as if fully set forth herein.

42. This cause of action is brought pursuant to ADEA and Title VII as it involves a claim by Plaintiff for Retaliation in violation of those laws.

43. As set forth herein above, Plaintiff complained to Emerson that he was being discriminated against because he was an older male employee, and was then retaliated against and ultimately terminating on September 5, 2019.

44. As a direct, foreseeable, and legal result of Defendant's Retaliation, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

45. As a further direct, foreseeable, and legal result of Defendant's Retaliation, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

46. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

47. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

48. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Davatolhagh demands judgment against Defendant Tuscany as

follows:

1. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

2. For liquidated damages pursuant *29 USC §626(b)*;

3. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

4. For punitive damages;

5. For attorney's fees and costs in an amount determined by the court to be reasonable;

6. For prejudgment interest on all damages; and

7. For any other and further relief that the Court considers proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED:  3/26/2021                             LAW OFFICES OF MICHAEL P. BALABAN

                                        BY: /s/ Michael P. Balaban
                                            Michael P. Balaban
                                            LAW OFFICES OF MICHAEL P. BALABAN
                                            10726 Del Rudini Street
                                            Las Vegas, NV  89141

# EXHIBIT "A"

# NOTICE OF RIGHT TO SUE

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Mohammad Davatolhagh<br>c/o: COANE AND ASSOCIATES PLLC<br>Attn: Lisa Kuhlman, Attorney<br>1250 E. Hallandale Blvd., Suite 303<br>Hallandale Beach, FL 33009 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2020-00848 | Saul Vazquez, Investigator | (702) 553-4460 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Tamara M. West
Digitally signed by Tamara M. West
DN: cn=Tamara M. West, o=EEOC, ou=Director-LVLO, email=tamara.west@eeoc.gov, c=US
Date: 2020.12.29 12:05:16 -08'00'

Enclosures(s)

Tamara M. West, Local Office Director

(Date Issued)

cc: TUSCANY SUITES, LLC.
c/o: OGLETREE DEAKINS
Attn: Molly Rezac, Of Counsel
50 West Liberty Street, Suite 920
Reno, NV 89501